NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LENSKY LOUIS-JEAN,<br><br>                    Plaintiff,<br><br>v.<br><br>WESTLAKE FINANCIAL SERVICES, DK AUTO IMPORTS LLC, PEAK SERVICES CORPORATION,<br><br>                    Defendants. | Civil Action No.: 22-cv-05702<br><br>**OPINION AND ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on two motions to dismiss (ECF Nos. 24-25) pro se plaintiff Lensky Louis-Jean's ("Louis-Jean" or "Plaintiff") amended complaint (ECF No. 20, "FAC" or "Amended Complaint") filed by defendants Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake"), Peak Service Corporation ("Peak"), and DK Auto Imports LLC ("DK Auto") (collectively, "Defendants"). Defendants Westlake and Peak filed a joint motion to dismiss Counts I-III as to Westlake and Count IV as to Peak. ECF No. 24. Defendant DK Auto filed its own motion to dismiss Counts I and II as to itself. ECF No. 25. Plaintiff opposed Defendants' motions (ECF No. 30), and defendants Westlake and Peak replied in support of their motion (ECF No. 31). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' motions are **GRANTED**.

1

I.  **BACKGROUND**[1]

On February 5, 2020, Plaintiff purchased a used 2014 Cadillac CTS (the "Vehicle") from defendant DK Auto. FAC ¶ 13. The purchase was memorialized by a retail installment contract that was immediately assigned by DK Auto to Westlake. *Id.* ¶¶ 13-16; ECF No. 1-1, Ex. A (the "Contract").[2] The terms of the loan required Plaintiff to make 48 monthly payments of $657.80 to Westlake. Contract at 1. As part of the initial transaction, Plaintiff made a $4,150 cash down payment to DK Auto and provided a co-signer. FAC ¶ 14.

Plaintiff alleges that a representative of DK Auto "failed to explain and/or provide the proper disclosure forms in order for Plaintiff to comprehend the retail installment contract." *Id.* ¶ 15. As a result, Plaintiff asserts that he "made an uninformed decision by entering into the [Contract]." *Id*.

After defaulting on his repayment obligations, Plaintiff sent a cease-and-desist letter to Westlake in March 2022 seeking to halt their collection efforts on his allegedly "unvalidated debt." *Id.* ¶ 16. Plaintiff also asserts that he "requested Defendant to validate the debt by providing an audit trail per GAAP." *Id*. According to Plaintiff, Westlake did not respond to the debt validation letter but instead continued to request payment and notified Plaintiff that the Vehicle would be repossessed if he did not make his required payments. *Id.*

On August 23, 2022. Peak repossessed the Vehicle from Plaintiff's home. *Id.* ¶ 17. As a result of these events, Plaintiff claims to have "suffered damages including, but not limited to

---

[1] For the purposes of this motion to dismiss, the Court accepts the factual allegations in the FAC as true and draws all inferences in the light most favorable to the Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[2] In considering this motion to dismiss, the Court examines the "complaint, exhibits attached to the complaint, [and] matters of public record." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

denial of credit, decrease in FICO, high interest rates, financial harm mental anguish and emotional distress." *Id.* ¶ 19.

## II. LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In evaluating the sufficiency of a complaint, a court must also draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (citations omitted).

In assessing a pro se plaintiff's complaint, the Court construes a plaintiff's allegations liberally. *Beasley v. Howard*, No. 19-cv-11058, 2022 WL 3500404, at *2 (D.N.J. Aug. 18, 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even under this liberal standard, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

## III. DISCUSSION

### A. The Fair Debt Collections Practices Act Claim Against Westlake and Peak

In Counts III and IV of the Amended Complaint, Plaintiff alleges that Westlake and Peak violated the Fair Debt Collections Practices Act ("FDCPA"). For the reasons set forth below, these claims fail as to both defendants.

3

### 1. FDCPA Claim Against Westlake

In Count III, Plaintiff asserts an FDCPA claim against Westlake. *See* FAC ¶¶ 26-28. The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive, or unfair debt collection practices by debt collectors. *See* 15 U.S.C. § 1692 et seq.; *see also Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3d Cir. 1987). Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6).

The Third Circuit has held that the FDCPA "does not apply to persons or businesses collecting debts on their own behalf." *Staub v. G.H. Harris*, 626 F.2d 275, 277 (3d Cir. 1980) (citing 15 U.S.C. § 1692(a)(4)); *Police v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000). Here, Westlake was the consumer auto finance company that financed Plaintiff's automobile purchase. *See* FAC ¶ 14; Contract at 1, 7. Any collection activity by Westlake was to collect money Plaintiff owed Westlake, not money Plaintiff owed "another." 15 U.S.C. § 1692(a)(6). Therefore, the FDCPA does not apply to Westlake because Westlake is not a "debt collector." *See Agostino v. Quest Diagnostics, Inc.*, No. 04-cv-4362, 2005 WL 8179912, at *4 (D.N.J. Oct. 6, 2005) (finding the FDCPA did not apply to defendant because it was "not a debt collector but rather [] a creditor attempting to collect its own debt").

This conclusion is reinforced by district court decisions nationwide finding specifically that the FDCPA does not apply to these types of parties. *See, e.g*, *Dinsmore v. Reliable Credit Ass'n, Inc.*, No. 11-cv-6182, 2011 WL 4755198, at *4 (D. Or. 2011) (granting auto finance company's motion to dismiss because it "originated" the loan and was not a "debt collector");

4

*Craig v. Park Fin. of Broward Cly., Inc.*, 390 F. Supp. 2d 1150, 1154 (M.D. Fla. 2005) (granting auto finance company's motion to dismiss because finance company was a creditor and not covered by the FDCPA); *James v. Ford Motor Credit Co.*, 842 F. Supp. 1202, 1206 (D. Minn. 1994) ("Automobile finance companies which make loans to automobile purchasers do not have as their principal business purpose the collection of debts and they do not generally collect debts due to others."); *Kizer v. Fin. Am. Credit Corp.*, 454 F. Supp. 937, 939 (N.D. Miss. 1978) (dismissing FDCPA claims and concluding company that financed the plaintiff's purchase of a mobile home was not a "debt collector" as it did not attempt to collect debts owed to others).

For these reasons, Count III against Westlake is dismissed without prejudice.

### 2. FDCPA Claim Against Peak

In Count IV, Plaintiff also alleges that Peak violated the FDCPA, specifically "15 U.S.C. § 1692f(6)(A)[,] by taking possession of Plaintiff's Cadillac CTS with no present right to possession of the property claimed as collateral through an enforceable security interest." FAC ¶ 30. Although Plaintiff pleads factual allegations that Peak took possession of the Vehicle, he fails to plead any factual allegations to establish that Peak had no present right to possession of the Vehicle. *Id.* ¶¶ 17-18. Instead, Plaintiff merely alleges that Peak "unlawfully repossessed" the Vehicle. *Id.* ¶ 17. This type of naked assertion does not suffice. *Iqbal*, 556 U.S. at 678 (dismissal is warranted when a complaint merely "offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement").

In his opposition to the motions to dismiss, Plaintiff also adds a list of other Section 1692 provisions that Peak allegedly violated. ECF No. 30 at 7-8. These arguments are also insufficient. None of these additional allegations contain factual assertions; they are all conclusory statements and restatements of the statutory provisions at issue. *See Iqbal*, 556 U.S. at 678. If Plaintiff wishes

5

to file a second amended complaint, he will need to plead specific facts that show how Peak violated each of these provisions.

Accordingly, Count IV against Peak is dismissed without prejudice.

**B.  Equal Credit Opportunity Act Claims Against DK Auto and Westlake**

In Count I, Plaintiff asserts that DK Auto and Westlake violated the Equal Credit Opportunity Act ("ECOA"), specifically 15 U.S.C. § 1691(a)(3), "because Plaintiff was discriminated against for exercising his right granted to obtain an extension of his credit . . . ." FAC ¶ 21. A creditor may not discriminate against an applicant because an applicant, in good faith, exercised his rights under the ECOA. 15 U.S.C. § 1691(a)(3). "To state a claim under the ECOA a plaintiff must show that (1) [he] was a member of a protected class; (2) [he] applied for credit from the defendants; (3) [he] was qualified for the credit; and (4) despite qualification, [he] was denied credit." *Carter v. Bentley Motors Inc.*, 489 F. Supp. 3d 316, 324 (D.N.J. 2020) (citing *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 268 n.5 (3d Cir. 2010)).

Notably, Plaintiff previously brought a nearly identical ECOA claim in this district that was dismissed for failure to state claim. *See Louis-Jean v. Ally Fin.*, 22-cv-4435, 2023 WL 2992647, at *2 (D.N.J. Apr. 18, 2023) ("Ally"). In *Ally*, defendant Ally Financial denied plaintiff Louis-Jean an extension of credit to purchase a 2020 Mercedez Benz vehicle. *Id.* a *1. Louis-Jean alleged an ECOA violation based on this denial. *See id.* The Honorable Michael A. Shipp dismissed Louis-Jean's ECOA claim because he had "failed to plead facts alleging that he qualified for a consumer credit transaction." *Id.* at *2 (noting that there is no right to a consumer credit transaction and that Plaintiff's own complaint suggested that Ally's denial stemmed from his "insufficient" credit experience).

6

Here too, Plaintiff suggests that he was entitled to a consumer credit transaction, *see* FAC ¶ 13, but does not allege any facts to support the proposition that he *qualifies* for one. *See id.* ¶¶ 13-22. Instead, like in *Ally*, he admits that Westlake denied the consumer credit transaction because of his "poor credit." *Id.* ¶ 14. No other factual allegations in the FAC relate to whether Plaintiff "qualified for the credit" he sought. 15 U.S.C. § 1691(a)(3); *see* FAC ¶¶ 13-22. As Judge Shipp previously informed Plaintiff in *Ally*, "Plaintiff will need to allege facts to show he was a member of a protected class who applied for consumer credit to purchase the Vehicle and was improperly and discriminatorily denied that credit despite being qualified to receive it." *Ally*, 2023 WL 2992647, at *2. He has failed to do so here.

Accordingly, Plaintiff's Count I ECOA claims against both Westlake and DK Auto are dismissed without prejudice.

### C. Truth in Lending Act Claims Against DK Auto and Westlake

In Count II, Plaintiff brings Truth in Lending Act ("TILA") claims against DK Auto and Westlake. FAC ¶¶ 23-25; *see* 15 U.S.C. § 1602 et seq. Specifically, Plaintiff alleges violations of Sections 1605, 1611, and 1662(b) of the TILA. *Id.* ¶ 24. The Court addresses each of these in turn.

Plaintiff alleges that DK Auto and Westlake violated Section 1605 by (1) "failing to include insurance to the Plaintiff as part of the finance charge" and (2) "requiring a cash down payment from the Plaintiff to conclude the deal." *Id.* As a threshold matter, these claims appear to be time barred. *See Young v. Wells Fargo Auto*, No. 23-cv-484, 2024 WL 35235, at *4 (D.N.J. Jan. 3, 2024) ("[C]laim under [Section] 1605 is subject to TILA's general one-year statute of limitations."). Here, Plaintiff's loan closed on February 18, 2020, *see* Contract at 7, and Plaintiff filed the initial complaint over two years later, *see* ECF No. 1.

Regardless, even if these claims were timely, the Court cannot identify any well-pleaded factual allegations in Plaintiff's FAC that support these claims. Section 1605(a) defines a finance charge as "the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit." 15 U.S.C. § 1605. The finance charge includes such amounts as interest, service charges, and borrower-paid broker fees. *See id*. Section 1605 does not, however, discuss the permissibility of a cash down payment. None of the other factual allegations relate to this provision.

Plaintiff also alleges that defendants DK Auto and Westlake violated Section 1611 by "willfully and knowingly giving false or inaccurate information and failing to provide information which is required to [be] disclose[d]." FAC ¶ 24. This provision, however, "imposes criminal liability and does not create a private cause of action." *McCoy v. Merck Sharp & Dohme Fed. Credit Union*, No. 21-cv-4550, at *7 (E.D. Pa. Jan. 14, 2022) (quoting *Timm v. Wells Fargo Bank, N.A.*, 701 Fed. App'x 171, 175 (3d Cir. 2017)); *see also Vallies v. Sky Bank*, 591 F.3d 152, 156 (3d Cir. 2009) (distinguishing between TILA provisions imposing criminal liability and those creating a private cause of action).

Finally, Plaintiff asserts that defendants DK Auto and Westlake violated Section 1662(b) by "stating that a specified down payment is required in connection with any extension of consumer credit." FAC ¶ 24. As an initial matter, "[t]here is no 15 U.S.C. § 1662b," *Burgess v. Westlake Fin.*, No. 23-cv-00661, 2024 WL 2883399, at *3 (D. Nev. June 7, 2024), but this Court construes pro se Plaintiff's allegations to refer to Section 1662(2). Regardless, this provision relates only to prohibited advertising practices. *See* 15 U.S.C. § 1662 ("No advertisement to aid, promote, or assist directly or indirectly any extension of consumer credit may state . . . (2) that a specified downpayment is required in connection with any extension of consumer credit, unless

8

the creditor usually and customarily arranges downpayments in that amount."). Plaintiff fails to allege that any advertising was involved in the transaction at issue.

Accordingly, Plaintiff's Count II TILA claims against DK Auto and Westlake are dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss (ECF Nos. 24-25) are granted.

**Accordingly, IT IS** on this 22nd day of August, 2024

**ORDERED** that Defendants' motions to dismiss (ECF Nos. 24-25) are **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (ECF No. 20) is hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Order to submit a second amended complaint that addresses the deficiencies identified in the Court's Opinion. Insofar as Plaintiff submits a second amended complaint, he shall also provide a form of the second amended complaint that indicates in what respect it differs from the current Amended Complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. See L. Civ. R. 15(a)(2); and it is further

**ORDERED** that the Clerk of the Court is directed to **CLOSE** this case.

**SO ORDERED.**

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**
